1   LOREN H. BROWN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   loren.brown@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
10  MICHAEL C. ZELLERS (SBN: 146904)
    TUCKER ELLIS & WEST LLP
11  515 South Flower Street, Suite 4200
    Los Angeles, CA 90071-2223
12  Telephone:  (213) 430-3400
    Facsimile:  (213) 430-3409
13  michael.zellers@tuckerellis.com

14  Attorneys for Defendants
    PFIZER INC., PHARMACIA CORPORATION, AND
15  G.D. SEARLE LLC

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18              SAN FRANCISCO DIVISION

19  IN RE CELEBREX AND BEXTRA          ) MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      ) CASE NO. 3:08-cv-02985-CRB
    This document relates to           )
21                                     ) **PFIZER INC., PHARMACIA
    ROSA LEE REED,                     ) CORPORATION, AND G.D.
22                                     ) SEARLE LLC'S ANSWER TO
            Plaintiff,                 ) COMPLAINT**
23                                     )
            vs.                        ) **JURY DEMAND ENDORSED
24                                     ) HEREIN**
    PFIZER INC., PHARMACIA CORPORATION,)
25  and G.D. SEARLE, LLC,              )
                                       )
26          Defendants.               )
                                       )
27  _____)

28

*(left margin, vertical text)* Gordon & Rees, LLP  275 Battery Street, Suite 2000  San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. ("Pfizer"), Pharmacia Corporation ("Pharmacia"),

2  and G.D. Searle LLC (improperly captioned in Plaintiff's Complaint as "G.D. Searle, LLC")

3  ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Complaint

4  ("Complaint"), and would respectfully show the Court as follows:

**I.**

**PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

8  Bextra® (valdecoxib) ("Bextra®").  Accordingly, this Answer can only be drafted generally.

9  Defendants may seek leave to amend this Answer when discovery reveals the specific time

10  periods in which Plaintiff was prescribed and used Bextra®.

**II.**

**ANSWER**

**Response to Allegations Regarding Parties**

14  1.    Defendants admit that Plaintiff brought this civil action seeking monetary damages, but

15  deny that Plaintiff is entitled to any relief or damages.  Defendants admit that, during certain

16  periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

17  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19  time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

20  co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

21  providers who are by law authorized to prescribe drugs in accordance with their approval by the

22  FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Bextra® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages,

27  and deny the remaining allegations in this paragraph of the Complaint.

28  2.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, citizenship,

2    and whether Plaintiff used Bextra®, and, therefore, deny them.  Defendants deny any wrongful

3    conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining

4    allegations in this paragraph of the Complaint.

5    3.      Defendants admit that Pfizer is a Delaware corporation with its principal place of

6    business in New York.  Defendants admit that, as the result of a merger in April 2003,

7    Pharmacia became a subsidiary of Pfizer.  Defendants admit that, during certain periods of

8    time, Pfizer marketed and co-promoted Bextra® in the United States, including California,

9    Illinois, and Utah, to be prescribed by healthcare providers who are by law authorized to

10   prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiff's

11   allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are

12   without knowledge or information to form a belief as to the truth of such allegations, and,

13   therefore, deny them.  Defendants deny the remaining allegations in this paragraph of the

14   Complaint.

15   4.      Defendants admit that Searle is a Delaware limited liability company with its principal

16   place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

17   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

18   Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged

19   for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the

20   United States to be prescribed by healthcare providers who are by law authorized to prescribe

21   drugs in accordance with their approval by the FDA.  Defendants deny the remaining

22   allegations in this paragraph of the Complaint.

23   5.      Defendants admit that Pharmacia is a Delaware corporation with its principal place of

24   business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

25   marketed and co-promoted Bextra® in the United States, including California and Illinois, to be

26   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

27   with their approval by the FDA.  Defendants state that Plaintiff's allegations regarding

28   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    information to form a belief as to the truth of such allegations, and, therefore, deny them.

2    Defendants deny the remaining allegations in this Paragraph of the Complaint.

3                    <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

4    6.      Defendants are without knowledge or information to form a belief as to the truth of the

5    allegations in this paragraph of the Complaint regarding the amount in controversy, and,

6    therefore, deny them.  However, Defendants admit that Plaintiff claims that the amount in

7    controversy exceeds $75,000, exclusive of interests and costs.

8    7.      Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and

10   the amount in controversy, and, therefore, deny them.  However, Defendants admit that Plaintiff

11   claims that the parties are diverse and that the amount in controversy exceeds $75,000,

12   exclusive of interests and costs.

13   8.      Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding the judicial district in

15   which the asserted claims allegedly arose, and, therefore, deny them.  Defendants deny any

16   wrongful conduct, deny committing a tort in the States of Mississippi or California, and deny

17   the remaining allegations in this paragraph of the Complaint.

18   9.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

19   and co-promoted Bextra® in the United States, including California, Arizona, and Mississippi,

20   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

21   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

22   time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

23   co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

24   providers who are by law authorized to prescribe drugs in accordance with their approval by the

25   FDA.  Defendants admit that they provided FDA-approved prescribing information regarding

26   Bextra®.  Defendants admit that they do business in the States of California and Mississippi.

27   Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

28   ambiguous.  Defendants are therefore without knowledge or information sufficient to form a

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  belief as to the truth of these allegations, and, therefore, deny them. Defendants deny any

2  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

3  **<u>Response to Factual Allegations</u>**

4  10.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6  Bextra®, and, therefore, deny them. Defendants deny that Bextra® caused Plaintiff injury or

7  damages, and deny the remaining allegations in this paragraph of the Complaint.

8  11.    Defendants are without knowledge or information sufficient to form a belief as to the

9  truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

10 condition and whether Plaintiff used Bextra®, and, therefore, deny them. Defendants state that

11 Bextra® was and is safe and effective when used in accordance with its FDA-approved

12 prescribing information. Defendants state that the potential effects of Bextra® were and are

13 adequately described in its FDA-approved prescribing information, which at all times was

14 adequate and comported with applicable standards of care and law. Defendants deny any

15 wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

16 remaining allegations in this paragraph of the Complaint.

17 12.    Defendants are without knowledge or information sufficient to form a belief as to the

18 truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical

19 condition and whether Plaintiff used Bextra®, and, therefore, deny them. Defendants state that

20 Bextra® was and is safe and effective when used in accordance with its FDA-approved

21 prescribing information. Defendants state that the potential effects of Bextra® were and are

22 adequately described in its FDA-approved prescribing information, which at all times was

23 adequate and comported with applicable standards of care and law. Defendants deny any

24 wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the

25 remaining allegations in this paragraph of the Complaint.

26 13.    Defendants are without knowledge or information sufficient to form a belief as to the

27 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

28 Bextra®, and, therefore, deny them. Defendants state that Bextra® was and is safe and

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    effective when used in accordance with its FDA-approved prescribing information. Defendants

2    state that the potential effects of Bextra® were and are adequately described in its FDA-

3    approved prescribing information, which at all times was adequate and comported with

4    applicable standards of care and law. Defendants deny any wrongful conduct, deny that

5    Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this

6    paragraph of the Complaint.

7    14.    Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

9    Bextra®, and, therefore, deny them. Defendants admit that Bextra® was expected to reach

10    consumers without substantial change from the time of sale. Defendants deny the remaining

11    allegations in this paragraph of the Complaint.

12    15.    Defendants are without knowledge or information sufficient to form a belief as to the

13    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14    Bextra®, and, therefore, deny them. Defendants state that Bextra® was and is safe and

15    effective when used in accordance with its FDA-approved prescribing information. Defendants

16    state that the potential effects of Bextra® were and are adequately described in its FDA-

17    approved prescribing information, which was at all times adequate and comported with

18    applicable standards of care and law. Defendants deny the remaining allegations in this

19    paragraph of the Complaint.

20    16.    Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-

21    steroidal anti-inflammatory drugs ("NSAIDS"). Defendants state that the allegations in this

22    paragraph of the Complaint regarding aspirin and ibuprofen are not directed toward Defendants,

23    and, therefore, no response is required. To the extent that a response is deemed required,

24    Defendants state that Plaintiff fails to provide the proper context for the allegations in this

25    paragraph of the Complaint regarding aspirin and ibuprofen. Defendants are therefore without

26    knowledge or information sufficient to form a belief as to the truth of these allegations, and,

27    therefore, deny the remaining allegations in this paragraph of the Complaint.

28    17.    The allegations in this paragraph of the Complaint are not directed toward Defendants,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them.

18.     The allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them.

19.     The allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them.

20.     The allegations in this paragraph of the Complaint are not directed toward Defendants, and, therefore, no response is required. To the extent that a response is deemed required, Defendants state that Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them.

21.     Plaintiff fails to provide the proper context for the allegations in this paragraph of the Complaint. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them.

22.     Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are therefore without knowledge or information sufficient to form a belief as to the truth of these allegations, and, therefore, deny them. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

23.     Plaintiff does not allege having used Celebrex® in this Complaint. Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

2   FDA-approved prescribing information.  Defendants admit that, during certain periods of time,

3   Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

4   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

5   with their approval by the FDA.  Defendants admit that, during certain periods of time,

6   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

7   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

8   providers who are by law authorized to prescribe drugs in accordance with their approval by the

9   FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

10  directed toward Defendants, and, therefore, no response is required.  To the extent that a

11  response is deemed required, Defendants state that Plaintiff fails to provide the proper context

12  for the allegations in this paragraph of the Complaint regarding Merck and Vioxx®.

13  Defendants are therefore without knowledge or information sufficient to form a belief as to the

14  truth of these allegations, and, therefore, deny them.  Defendants deny the remaining allegations

15  in this paragraph of the Complaint.

16  24.      Defendants admit that the New Drug Application for Bextra® was filed with the FDA

17  on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

18  FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

19  and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

20  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

21  ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to

22  the truth of these allegations, and, therefore, deny them.  Defendants deny the remaining

23  allegations in this paragraph of the Complaint.

24  25.      Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

25  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

26  indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

27  arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

28  allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    26.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

2    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

3    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny

4    the remaining allegations in this paragraph of the Complaint.

5    27.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

6    is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

7    rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

8    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

9    prescribing information.  Defendants state that the potential effects of Bextra® were and are

10   adequately described in its FDA-approved prescribing information, which at all times was

11   adequate and comported with applicable standards of care and law.  Defendants deny the

12   remaining allegations in this paragraph of the Complaint.

13   28.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15   Bextra®, and, therefore, deny them.  Defendants admit that, during certain periods of time,

16   Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

17   by healthcare providers who are by law authorized to prescribe drugs in accordance with their

18   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

19   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

20   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

21   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

22   state that Bextra® was and is safe and effective when used in accordance with its FDA-

23   approved prescribing information.  Defendants state that the potential effects of Bextra® were

24   and are adequately described in its FDA-approved prescribing information, which at all times

25   was adequate and comported with applicable standards of care and law.  Defendants state that

26   Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.

27   Defendants are without knowledge or information sufficient to form a belief as to the truth of

28   these allegations, and, therefore, deny them.  Defendants deny any wrongful conduct and deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    the remaining allegations in this paragraph of the Complaint.

2    29.    Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and full text.  Any attempt to characterize the article

4    is denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

6    this paragraph of the Complaint.

7    30.    The allegations in this paragraph of the Complaint are not directed toward Defendants,

8    and, therefore, no response is required.   To the extent that a response is deemed required,

9    Defendants state that the referenced article speaks for itself and respectfully refer the Court to

10    the article for its actual language and full text.  Any attempt to characterize the article is denied.

11    Defendants deny the remaining allegations in this paragraph of the Complaint.

12    31.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

13    on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

14    16, 2001.  Defendants state that Bextra® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

16    the remaining allegations in this paragraph of the Complaint.

17    32.    Defendants state that Bextra® was and is safe and effective when used in accordance

18    with its FDA-approved prescribing information.   Defendants deny the allegations in this

19    paragraph of the Complaint.

20    33.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

21    respectfully refer the Court to the Talk Paper for its actual language and full text.  Any attempt

22    to characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this

23    paragraph of the Complaint.

24    34.    Defendants state that the referenced article speaks for itself and respectfully refer the

25    Court to the article for its actual language and full text.  Any attempt to characterize the article

26    is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27    35.    Plaintiff fails to provide the proper context for the allegations in this paragraph of the

28    Complaint regarding the "post-drug approval meta-analysis study."   Defendants are therefore

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    without knowledge or information sufficient to form a belief as to the truth of these allegations,

2    and, therefore, deny them. Defendants state that the referenced study speaks for itself and

3    respectfully refer the Court to the study for its actual language and full text. Any attempt to

4    characterize the study is denied. Defendants deny the remaining allegations in this paragraph of

5    the Complaint.

6    36.    The allegations in this paragraph of the Complaint are not directed toward Defendants,

7    and, therefore, no response is required. To the extent that a response is deemed required,

8    Defendants state that the referenced article speaks for itself and respectfully refer the Court to

9    the article for its actual language and full text. Any attempt to characterize the article is denied.

10   Defendants deny the remaining allegations in this paragraph of the Complaint.

11   37.    The allegations in this paragraph of the Complaint are not directed toward Defendants,

12   and, therefore, no response is required. To the extent that a response is deemed required,

13   Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety

14   and Risk Management Advisory Committee was held on February 16-18, 2005. Defendants

15   state that the referenced testimony speaks for itself and respectfully refer the Court to the

16   testimony for its actual language and full text. Any attempt to characterize the testimony is

17   denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

18   38.    Defendants state that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information. Defendants deny any wrongful conduct and

20   deny the remaining allegations in this paragraph of the Complaint.

21   39.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

22   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

23   and full text. Any attempt to characterize the Alert for Healthcare Professionals is denied.

24   Defendants deny the remaining allegations in this paragraph of the Complaint.

25   40.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

26   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

27   and full text. Any attempt to characterize the Alert for Healthcare Professionals is denied.

28   Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   41.    Defendants state that Bextra® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.   Defendants deny the allegations in this

3   paragraph of the Complaint.

4   42.    Defendants state that the referenced article speaks for itself and respectfully refer the

5   Court to the article for its actual language and full text.  Any attempt to characterize the article

6   is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

7   paragraph of the Complaint.

8   43.    The allegations in this paragraph of the Complaint are not directed toward Defendants,

9   and, therefore, no response is required.  To the extent that a response is deemed required,

10  Defendants state that the referenced article speaks for itself and respectfully refer the Court to

11  the article for its actual language and full text.  Any attempt to characterize the article is denied.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint.

14  44.    Defendants state that the referenced PDR entry speaks for itself and respectfully refer

15  the Court to the PDR entry for its actual language and full text.  Any attempt to characterize the

16  PDR entry is denied.  Defendants state that Bextra® was and is safe and effective when used in

17  accordance with its FDA-approved prescribing information.  Defendants state that the potential

18  effects of Bextra® were and are adequately described in its FDA-approved prescribing

19  information, which was at all times adequate and comported with applicable standards of care

20  and law.  Defendants deny the allegations in this paragraph of the Complaint.

21  45.    Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Bextra® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

26  allegations in this paragraph of the Complaint.

27  46.    Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants deny the allegations in this paragraph of the Complaint.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

49.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

50.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

2    prescribing information.  Defendants state that the potential effects of Bextra® were and are

3    adequately described in its FDA-approved prescribing information, which was at all times

4    adequate and comported with applicable standards of care and law.  Defendants deny the

5    remaining allegations in this paragraph of the Complaint.

6    51.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which at all times was adequate and comported with applicable standards of care and law.

10    Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and

11    ambiguous.  Defendants are without knowledge or information sufficient to form a belief as to

12    the truth of these allegations, and, therefore, deny them.  Defendants deny any wrongful

13    conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the

14    Complaint.

15    52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

17    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

18    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

19    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

20    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

21    accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and

22    effective when used in accordance with its FDA-approved prescribing information.  Defendants

23    state that the potential effects of Bextra® were and are adequately described in its FDA-

24    approved prescribing information, which was at all times adequate and comported with

25    applicable standards of care and law.  Defendants deny the remaining allegations in this

26    paragraph of the Complaint.

27    53.    Defendants state that Bextra® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information.  Defendants state that the potential effects of

Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants deny the allegations in this paragraph of the Complaint.

57.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market as of April 7, 2005. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

58.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

59.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   60.     Defendants deny any wrongful conduct and deny the remaining allegations in this

5   paragraph of the Complaint.

6   61.     Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8   Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

9   effective when used in accordance with its FDA-approved prescribing information.  Defendants

10  state that the potential effects of Bextra® were and are adequately described in its FDA-

11  approved prescribing information, which was at all times adequate and comported with

12  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

13  remaining allegations in this paragraph of the Complaint.

14  62.     Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16  Bextra®, and, therefore, deny them.  Defendants admit that, during certain periods of time,

17  Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

18  by healthcare providers who are by law authorized to prescribe drugs in accordance with their

19  approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

20  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

21  distributed Bextra® in the United States to be prescribed by healthcare providers who are by

22  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

23  deny the remaining allegations in this paragraph of the Complaint.

24  63.     Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

25  is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

26  rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state

27  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

28  prescribing information.  Defendants state that the potential effects of Bextra® were and are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    adequately described in its FDA-approved prescribing information, which was at all times

2    adequate and comported with applicable standards of care and law.  Defendants deny any

3    wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

4    64.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6    Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    state that the potential effects of Bextra® were and are adequately described in its FDA-

9    approved prescribing information, which was at all times adequate and comported with

10   applicable standards of care and law.  Defendants state that Plaintiff's allegations regarding

11   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

12   information sufficient to form a belief as to the truth of these allegations, and, therefore, deny

13   them.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

14   dangerous, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining

15   allegations in this paragraph of the Complaint.

16                    **Response to First Cause of Action: Negligence**

17   65.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

18   Complaint as if fully set forth here.

19   66.    Defendants state that this paragraph of the Complaint contains legal contentions to

20   which no response is deemed required.  To the extent that a response is deemed required,

21   Defendants admit that they had duties as are imposed by law but deny having breached those

22   duties.  Defendants state that the potential effects of Bextra® were and are adequately described

23   in its FDA-approved prescribing information, which was at all times adequate and comported

24   with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

25   effective when used in accordance with its FDA-approved prescribing information.  Defendants

26   deny the remaining allegations in this paragraph of the Complaint.

27   67.    Defendants state that this paragraph of the Complaint contains legal contentions to

28   which no response is deemed required.  To the extent that a response is deemed required,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1 Defendants admit that they had duties as are imposed by law but deny having breached those

2 duties. Defendants state that Bextra® was and is safe and effective when used in accordance

3 with its FDA-approved prescribing information. Defendants state that the potential effects of

4 Bextra® were and are adequately described in its FDA-approved prescribing information,

5 which was at all times adequate and comported with applicable standards of care and law.

6 Defendants deny the remaining allegations in this paragraph of the Complaint.

7 68. Defendants state that this paragraph of the Complaint contains legal contentions to

8 which no response is required. To the extent that a response is deemed required, Defendants

9 admit that they had duties as are imposed by law but deny having breached those duties.

10 Defendants state that Bextra® was and is safe and effective when used in accordance with its

11 FDA-approved prescribing information. Defendants state that the potential effects of Bextra®

12 were and are adequately described in its FDA-approved prescribing information, which was at

13 all times adequate and comported with applicable standards of care and law. Defendants deny

14 any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

15 including all subparts.

16 69. Defendants are without knowledge or information sufficient to form a belief as to the

17 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18 Bextra®, and, therefore, deny them. Defendants state that Bextra® was and is safe and

19 effective when used in accordance with its FDA-approved prescribing information. Defendants

20 state that the potential effects of Bextra® were and are adequately described in its FDA-

21 approved prescribing information, which was at all times adequate and comported with

22 applicable standards of care and law. Defendants deny any wrongful conduct, deny that

23 Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the

24 Complaint.

25 70. Defendants state that Bextra® was and is safe and effective when used in accordance

26 with its FDA-approved prescribing information. Defendants state that the potential effects of

27 Bextra® were and are adequately described in its FDA-approved prescribing information,

28 which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    71.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5    Bextra®, and, therefore, deny them.    Defendants state that Bextra® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information.    Defendants

7    state that the potential effects of Bextra® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.    Defendants deny any wrongful conduct, deny that

10   Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this

11   paragraph of the Complaint.

12   72.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

13   damages, and deny the remaining allegations in this paragraph of the Complaint.

14   73.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

15   damages, and deny the remaining allegations in this paragraph of the Complaint.

16   74.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

17   damages, and deny the remaining allegations in this paragraph of the Complaint.

18                   **Response to Second Cause of Action: Strict Liability**

19   75.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

20   Complaint as if fully set forth here.

21   76.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23   Bextra®, and, therefore, deny them.    Defendants admit that Bextra® was expected to reach

24   consumers without substantial change in the condition from the time of sale.    Defendants admit

25   that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra®

26   in the United States to be prescribed by healthcare providers who are by law authorized to

27   prescribe drugs in accordance with their approval by the FDA.    Defendants admit that, during

28   certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

1   tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

2   healthcare providers who are by law authorized to prescribe drugs in accordance with their

3   approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used

4   in accordance with its FDA-approved prescribing information.  Defendants state that the

5   potential effects of Bextra® were and are adequately described in its FDA-approved prescribing

6   information, which was at all times adequate and comported with applicable standards of care

7   and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8   77.    Defendants state that Bextra® was and is safe and effective when used in accordance

9   with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Bextra® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint.

14  78.    Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Bextra® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

19  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

20  79.    Defendants state that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and

25  deny the remaining allegations in this paragraph of the Complaint, including all subparts.

26  80.    Defendants state that Bextra® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   which was at all times adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct, deny that Bextra® is unreasonably dangerous, and

3   deny the remaining allegations in this paragraph of the Complaint.

4   81.     Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6   Bextra®, and, therefore, deny them.    Defendants state that Bextra® was and is safe and

7   effective when used in accordance with its FDA-approved prescribing information.  Defendants

8   state that the potential effects of Bextra® were and are adequately described in its FDA-

9   approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.    Defendants deny any wrongful conduct, deny that

11  Bextra® is defective, deny that Bextra® caused Plaintiff injury or damages, and deny the

12  remaining allegations in this paragraph of the Complaint.

13  82.     Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

18  allegations in this paragraph of the Complaint.

19  83.     Defendants are without knowledge or information sufficient to form a belief as to the

20  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21  Bextra®, and, therefore, deny them.    Defendants state that Bextra® was and is safe and

22  effective when used in accordance with its FDA-approved prescribing information.  Defendants

23  state that the potential effects of Bextra® were and are adequately described in its FDA-

24  approved prescribing information, which was at all times adequate and comported with

25  applicable standards of care and law.    Defendants deny any wrongful conduct, deny that

26  Bextra® is defective, deny that Bextra® caused Plaintiff injury or damages, and deny the

27  remaining allegations in this paragraph of the Complaint.

28  84.     Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  with its FDA-approved prescribing information. Defendants state that the potential effects of

2  Bextra® were and are adequately described in its FDA-approved prescribing information,

3  which was at all times adequate and comported with applicable standards of care and law.

4  Defendants deny the remaining allegations in this paragraph of the Complaint.

5  85.     Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7  Bextra®, and, therefore, deny them. Defendants state that Bextra® was and is safe and

8  effective when used in accordance with its FDA-approved prescribing information. Defendants

9  state that the potential effects of Bextra® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law. Defendants deny any wrongful conduct and deny the

12  remaining allegations in this paragraph of the Complaint.

13  86.     Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information. Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18  the Complaint.

19  87.     Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information. Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

24  allegations in this paragraph of the Complaint.

25  88.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

26  damages, and deny the remaining allegations in this paragraph of the Complaint.

27  89.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

28  damages, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

90.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Third Cause of Action: Breach of Express Warranty**

91.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth here.

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

94.     Defendants deny the allegations in this paragraph of the Complaint.

95.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants admit that they provided FDA-approved prescribing information regarding

2    Bextra®. Defendants deny any wrongful conduct and deny the remaining allegations in this

3    paragraph of the Complaint.

4    96.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information. Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants admit that they provided FDA-approved prescribing information regarding

9    Bextra®. Defendants deny any wrongful conduct and deny the remaining allegations in this

10   paragraph of the Complaint.

11   97.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Bextra®, and, therefore, deny them. Defendants admit that they provided FDA-approved

14   prescribing information regarding Bextra®. Defendants deny the remaining allegations in this

15   paragraph of the Complaint.

16   98.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

17   damages, and deny the remaining allegations in this paragraph of the Complaint.

18   99.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

19   damages, and deny the remaining allegations in this paragraph of the Complaint.

20   100.   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

21   damages, and deny the remaining allegations in this paragraph of the Complaint.

22                **Response to Fourth Cause of Action: Breach of Implied Warranty**

23   101.   Defendants incorporate by reference their responses to each paragraph of Plaintiff's

24   Complaint as if fully set forth here.

25   102.   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

26   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

27   by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

28   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

2    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

3    accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

4    paragraph of the Complaint.

5    103.    Defendants admit that they provided FDA-approved prescribing information regarding

6    Bextra®.  Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which was at all times adequate and comported with applicable standards of care and law.

10   Defendants deny the remaining allegations in this paragraph of the Complaint.

11   104.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13   Bextra®, and, therefore, deny them.  Defendants admit, as indicated in the package insert

14   approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms

15   of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary

16   dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17   105.    Defendants are without knowledge or information sufficient to form a belief as to the

18   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19   Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

20   effective when used in accordance with its FDA-approved prescribing information.  Defendants

21   state that the potential effects of Bextra® were and are adequately described in its FDA-

22   approved prescribing information, which was at all times adequate and comported with

23   applicable standards of care and law.  Defendants deny the remaining allegations in this

24   paragraph of the Complaint.

25   106.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27   Bextra®, and, therefore, deny them.  Defendants state that Bextra® was expected to reach

28   consumers without substantial change in the condition from the time of sale.  Defendants deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   the remaining allegations in this paragraph of the Complaint.

2   107.    Defendants are without knowledge or information sufficient to form a belief as to the

3   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4   Bextra®, and, therefore, deny them.   Defendants state that Bextra® was and is safe and

5   effective when used in accordance with its FDA-approved prescribing information.   Defendants

6   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

7   Complaint.

8   108.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

9   damages, and deny the remaining allegations in this paragraph of the Complaint.

10  109.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

11  damages, and deny the remaining allegations in this paragraph of the Complaint.

12  110.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

13  damages, and deny the remaining allegations in this paragraph of the Complaint.

14  **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

15  111.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

16  Complaint as if fully set forth here.

17  112.    Defendants state that this paragraph of the Complaint contains legal contentions to

18  which no response is deemed required.   To the extent that a response is deemed required,

19  Defendants admit that they had duties as are imposed by law but deny having breached those

20  duties.   Defendants state that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.   Defendants state that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  113.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.   Defendants state that the potential effects of

27  Bextra® were and are adequately described in its FDA-approved prescribing information,

28  which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint, including all subparts.

3    114.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8    the Complaint.

9    115.    Defendants are without knowledge or information sufficient to form a belief as to the

10    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

11    Bextra®, and, therefore, deny them.  Defendants state that Bextra® was and is safe and

12    effective when used in accordance with its FDA-approved prescribing information.  Defendants

13    state that the potential effects of Bextra® were and are adequately described in its FDA-

14    approved prescribing information, which was at all times adequate and comported with

15    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

16    Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this

17    paragraph of the Complaint.

18    116.    Defendants state that Bextra® was and is safe and effective when used in accordance

19    with its FDA-approved prescribing information.  Defendants state that the potential effects of

20    Bextra® were and are adequately described in its FDA-approved prescribing information,

21    which was at all times adequate and comported with applicable standards of care and law.

22    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23    the Complaint.

24    117.    Defendants state that Bextra® was and is safe and effective when used in accordance

25    with its FDA-approved prescribing information.  Defendants state that the potential effects of

26    Bextra® were and are adequately described in its FDA-approved prescribing information,

27    which was at all times adequate and comported with applicable standards of care and law.

28    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    the Complaint.

2    118.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Bextra®, and, therefore, deny them.    Defendants state that Bextra® was and is safe and

5    effective when used in accordance with its FDA-approved prescribing information.    Defendants

6    state that the potential effects of Bextra® were and are adequately described in its FDA-

7    approved prescribing information, which was at all times adequate and comported with

8    applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

9    remaining allegations in this paragraph of the Complaint.

10   119.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12   Bextra®, and, therefore, deny them.    Defendants state that Bextra® was and is safe and

13   effective when used in accordance with its FDA-approved prescribing information.    Defendants

14   state that the potential effects of Bextra® were and are adequately described in its FDA-

15   approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

17   remaining allegations in this paragraph of the Complaint.

18   120.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Bextra®, and, therefore, deny them.    Defendants state that Bextra® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.    Defendants

22   state that the potential effects of Bextra® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

25   remaining allegations in this paragraph of the Complaint.

26   121.    Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.    Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3  the Complaint.

4  122.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6  Bextra®, and, therefore, deny them.    Defendants state that Bextra® was and is safe and

7  effective when used in accordance with its FDA-approved prescribing information.    Defendants

8  state that the potential effects of Bextra® were and are adequately described in its FDA-

9  approved prescribing information, which was at all times adequate and comported with

10  applicable standards of care and law.    Defendants deny any wrongful conduct and deny the

11  remaining allegations in this paragraph of the Complaint.

12  123.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

13  damages, and deny the remaining allegations in this paragraph of the Complaint.

14  124.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

15  damages, and deny the remaining allegations in this paragraph of the Complaint.

16  125.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or

17  damages, and deny the remaining allegations in this paragraph of the Complaint.

18  **Response to Sixth Cause of Action: Unjust Enrichment**

19  126.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

20  Complaint as if fully set forth here.

21  127.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

22  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

23  by law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendants

24  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

25  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

26  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

27  accordance with their approval by the FDA.    Defendants deny the remaining allegations in this

28  paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.    Defendants deny the remaining allegations in this paragraph of the Complaint.

5

6

7

8

129.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.    Defendants deny the remaining allegations in this paragraph of the Complaint.

9

10

11

12

13

14

15

16

130.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny the remaining allegations in this paragraph of the Complaint.

17

18

19

20

21

22

23

24

25

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, deny them.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

26

27

132.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

28

**Response to Prayer for Relief**

133.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

134.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

135.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

136.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

137.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

138.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

139.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

140.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

**III.**

**GENERAL DENIAL**

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Complaint that have not been previously admitted, denied, or explained.

**IV.**

**AFFIRMATIVE DEFENSES**

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendants affirmatively show that:

**First Defense**

1.     The Complaint fails to state a claim upon which relief can be granted.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

### Second Defense

2    2.    Bextra® is a prescription medical product.  The federal government has preempted the

3    field of law applicable to the labeling and warning of prescription medical products.

4    Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

5    federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

6    which relief can be granted; such claims, if allowed, would conflict with applicable federal law

7    and violate the Supremacy Clause of the United States Constitution.

8

### Third Defense

9    3.    At all relevant times, Defendants provided proper warnings, information, and

10   instructions for the drug in accordance with generally recognized and prevailing standards in

11   existence at the time.

12

### Fourth Defense

13   4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

14   Bextra® conformed to the generally recognized, reasonably available, and reliable state of

15   knowledge at the time the drug was manufactured, marketed and distributed.

16

### Fifth Defense

17   5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

18   applicable Statute of Limitations, and same is pleaded in full bar of any liability as to

19   Defendants.

20

### Sixth Defense

21   6.    Plaintiff's action is barred by the statute of repose.

22

### Seventh Defense

23   7.    Plaintiff's claims against Defendants are barred to the extent Plaintiff was contributorily

24   negligent, actively negligent, or otherwise failed to mitigate Plaintiff's damages, and any

25   recovery by Plaintiff should be diminished accordingly.

26

### Eighth Defense

27   8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

28   omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

2   liable in any way.

### Ninth Defense

4   9.      The acts and/or omissions of unrelated third parties as alleged constituted independent,

5   intervening causes for which Defendants cannot be liable.

### Tenth Defense

7   10.     Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were

8   proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

9   of God.

### Eleventh Defense

11  11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff.

### Twelfth Defense

12  12.     A manufacturer has no duty to warn patients or the general public of any risk,

14  contraindication, or adverse effect associated with the use of a prescription medical product.

15  Rather, the law requires that all such warnings and appropriate information be given to the

16  prescribing physician and the medical profession, which act as a "learned intermediary" in

17  determining the use of the product.  Bextra® is a prescription medical product, available only

18  on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiff's

19  treating and prescribing physicians.

### Thirteenth Defense

21  13.     The product at issue was not in a defective condition or unreasonably dangerous at the

22  time it left the control of the manufacturer or seller.

### Fourteenth Defense

24  14.     Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

25  for its intended use, and the warnings and instructions accompanying Bextra® at the time of the

26  occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Fifteenth Defense**

2    15.    Plaintiff's causes of action are barred, in whole or in part, by the lack of a defect as the

3    Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable

4    standard of care.

5    **Sixteenth Defense**

6    16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of

7    the product Bextra® after the product left the control of Defendants and any liability of

8    Defendants is therefore barred.

9    **Seventeenth Defense**

10    17.    Plaintiff's alleged injuries/damages, if any, were not caused by any failure to warn on

11    the part of Defendants.

12    **Eighteenth Defense**

13    18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

14    conditions unrelated to Bextra®.

15    **Nineteenth Defense**

16    19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the

17    doctrine of assumption of the risk bars or diminishes any recovery.

18    **Twentieth Defense**

19    20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

20    preempted in accordance with the Supremacy Clause of the United States Constitution and by

21    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301, *et seq*.

22    **Twenty-first Defense**

23    21.    Plaintiff's claims are barred, in whole or in part, under the applicable state law because

24    the subject pharmaceutical product at issue was subject to and received pre-market approval by

25    the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

26

27

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Twenty-second Defense**

2   22.   The manufacture, distribution, and sale of the pharmaceutical product referred to in

3   Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

4   and Plaintiff's causes of action are preempted.

5                                  **Twenty-third Defense**

6   23.   Plaintiff's claims are barred, in whole or in part, by the deference given to the primary

7   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

8   issue under applicable federal laws, regulations, and rules.

9                                  **Twenty-fourth Defense**

10  24.   Plaintiff's claims are barred, in whole or in part, because there is no private right of

11  action concerning matters regulated by the Food and Drug Administration under applicable

12  federal laws, regulations, and rules.

13                                 **Twenty-fifth Defense**

14  25.   Plaintiff's claims are barred, in whole or in part, because Defendants provided adequate

15  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

16  of Comment j to Section 402A of the Restatement (Second) of Torts.

17                                 **Twenty-sixth Defense**

18  26.   Plaintiff's claims are barred or limited to a product liability failure to warn claim

19  because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

20  Restatement (Second) of Torts § 402A, Comment k.

21                                 **Twenty-seventh Defense**

22  27.   Plaintiff's claims are barred, in whole or in part, because the subject pharmaceutical

23  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

24  to § 6 of the Restatement (Third) of Torts: Products Liability.

25                                 **Twenty-eighth Defense**

26  28.   Plaintiff's claims are barred under § 4, *et seq.*, of the Restatement (Third) of Torts:

27  Products Liability.

28

1

**Twenty-ninth Defense**

2    29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts

3    sufficient under the law to justify an award of punitive damages.

4

**Thirtieth Defense**

5    30.    The imposition of punitive damages would violate Defendants' rights to procedural due

6    process under the Fourteenth Amendment of the United States Constitution and Constitutions of

7    the States of Mississippi and California, and would additionally violate Defendants' right to

8    substantive due process under the Fourteenth Amendment of the United States Constitution.

9

**Thirty-first Defense**

10    31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

11    Fourteenth Amendments to the United States Constitution.

12

**Thirty-second Defense**

13    32.    The imposition of punitive damages in this case would violate the First Amendment to

14    the United States Constitution and the Constitutions of the States of Mississippi and California.

15

**Thirty-third Defense**

16    33.    Plaintiff's punitive damage claims are preempted by federal law.

17

**Thirty-fourth Defense**

18    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

19    representation, this action is barred as there was no reliance upon representations, if any, of

20    Defendants.

21

**Thirty-fifth Defense**

22    35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance

23    to any express representation.

24

**Thirty-sixth Defense**

25    36.    To the extent that Plaintiff's claims are based on a theory providing for liability without

26    proof of causation, the claims violate Defendants' rights under the United States Constitution.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-36-

1

**Thirty-seventh Defense**

2    37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

3    labeling with respect to the subject pharmaceutical products were not false or misleading, and,

4    therefore, constitute protected commercial speech under the applicable provisions of the United

5    States Constitution.

6

**Thirty-eighth Defense**

7    38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

8    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

9    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

10    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

11    Amendment of the United States Constitution, the Commerce Clause of the United States

12    Constitution, and the Full Faith and Credit Clause of the United States Constitution and the

13    Constitutions of the States of Mississippi and California.  Any law, statute, or other authority

14    purporting to permit the recovery of punitive damages in this case is unconstitutional, facially

15    and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient

16    standards to guide and restrain the jury's discretion in determining whether to award punitive

17    damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate

18    advance notice as to what conduct will result in punitive damages; (3)  permits recovery of

19    punitive-damages based on out-of-state conduct, conduct that complied with applicable law, or

20    conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits

21    recovery of punitive damages in an amount that is not both reasonable and proportionate to the

22    amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5)

23    permits jury consideration of net worth or other financial information relating to Defendants;

24    (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict

25    review of any punitive damages awards; (7) lacks constitutionally sufficient standards for

26    appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court

27    precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1

28    (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-37-

1   *America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*,

2   538 U.S. 408 (2003).

3                              **Thirty-ninth Defense**

4   39.     The methods, standards, and techniques utilized with respect to the manufacture, design,

5   and marketing of Bextra®, if any, used in this case, included adequate warnings and

6   instructions with respect to the product's use in the package insert and other literature, and

7   conformed to the generally recognized, reasonably available, and reliable state of the

8   knowledge at the time the product was marketed.

9                              **Fortieth Defense**

10  40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested,

11  manufactured, and labeled in accordance with the state-of-the-art industry standards existing at

12  the time of the sale.

13                             **Forty-first Defense**

14  41.     If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and

15  belief, such injuries and losses were caused by the actions of persons not having real or

16  apparent authority to take said actions on behalf of Defendants and over whom Defendants had

17  no control and for whom Defendants may not be held accountable.

18                             **Forty-second Defense**

19  42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

21  intended, and was distributed with adequate and sufficient warnings.

22                             **Forty-third Defense**

23  43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

24  waiver, and/or estoppel.

25                             **Forty-fourth Defense**

26  44.     Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

27  pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   illnesses, subsequent medical conditions, or natural courses of conditions of Plaintiff, and were

2   independent of or far removed from Defendants' conduct.

3                                **Forty-fifth Defense**

4   45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

5   did not proximately cause injuries or damages to Plaintiff.

6                                **Forty-sixth Defense**

7   46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

8   did not incur any ascertainable loss as a result of Defendants' conduct.

9                               **Forty-seventh Defense**

10  47.    The claims asserted in the Complaint are barred, in whole or in part, because the

11  manufacturing, labeling, packaging, and any advertising of the product complied with the

12  applicable codes, standards, and regulations established, adopted, promulgated, or approved by

13  any applicable regulatory body, including but not limited to the United States, any state, and

14  any agency thereof.

15                               **Forty-eighth Defense**

16  48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the

17  product labeling contained the information that Plaintiff contends should have been provided.

18                                **Forty-ninth Defense**

19  49.    The claims asserted in the Complaint are barred because the utility of Bextra®

20  outweighed its risks.

21                                 **Fiftieth Defense**

22  50.    Plaintiff's damages, if any, are barred or limited by the payments received from

23  collateral sources.

24                                **Fifty-first Defense**

25  51.    Defendants' liability, if any, can only be determined after the percentages of

26  responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

27  any, are determined.  Defendants seek an adjudication of the percentage of fault of Plaintiff and

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  each and every other person whose fault could have contributed to the alleged injuries and

2  damages, if any, of Plaintiff.

3  **Fifty-second Defense**

4  52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

5  common law gives deference to discretionary actions by the United States Food and Drug

6  Administration under the Federal Food, Drug, and Cosmetic Act.

7  **Fifty-third Defense**

8  53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is

9  comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

10  ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's

11  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

12  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

13  and with the specific determinations by FDA specifying the language that should be used in the

14  labeling accompanying Bextra®.    Accordingly, Plaintiff's claims are preempted by the

15  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

16  United States.

17  **Fifty-fourth Defense**

18  54.    Plaintiff's misrepresentation, fraud, and concealment allegations are not stated with the

19  degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be

20  dismissed.

21  **Fifty-fifth Defense**

22  55.    Defendants state on information and belief that the Complaint and each purported cause

23  of action contained therein is barred by the statutes of limitations contained in California Code

24  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

25  as may apply.

26  **Fifty-sixth Defense**

27  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

28  by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-40-

1  conduct of persons or entities other than Defendants.  Therefore, Plaintiff's recovery against

2  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

3                                        **Fifty-seventh Defense**

4  57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

5  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

6  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

7  damages is also barred under California Civil Code § 3294(b).

8                                        **Fifty-eighth Defense**

9  58.    To the extent that Plaintiff relies upon any theory of breach of warranty, Plaintiff's

10  claims are barred because Defendants did not make or breach any express or implied

11  warranties, and Plaintiff failed to give reasonable notice to Defendants of any alleged breach or

12  breaches of warranty as required by Miss. Code Ann. § 75-2-607(3)(a).

13                                        **Fifty-ninth Defense**

14  59.    Any verdict or judgment rendered against Defendants must be reduced under the laws of

15  the State of Mississippi by those amounts which have been, or will, with reasonable certainty,

16  replace or indemnify Plaintiff, such as insurance, social security, worker's compensation, or

17  employee benefits programs.  Plaintiff may have settled her claims for alleged injuries and

18  damages with certain parties.  Defendants therefore are, in any event, entitled to a credit in the

19  amount of any such settlement heretofore made between Plaintiff and any such parties.

20                                        **Sixtieth Defense**

21  60.    Plaintiff's claims for punitive damages are limited or barred by the standards governing

22  exemplary damage awards which arise under the United States Constitution and decisions of the

23  United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589 (1996);

24  *Cooper Industries, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm*

25  *Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi Constitution,

26  statutes, and decisions of Mississippi courts.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-first Defense**

61.    Defendants assert that Plaintiff's claim for punitive damages is governed and limited by Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the same.

**Sixty-second Defense**

62.    Bextra® and the Defendants' actions conformed to the state-of-the-art medical and scientific knowledge at all times relevant to this lawsuit and/or Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

**Sixty-third Defense**

63.    Defendants satisfied their duty to warn under the learned intermediary doctrine and Plaintiff's claims are therefore barred.

**Sixty-fourth Defense**

64.    Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

**Sixty-fifth Defense**

65.    Defendants hereby invoke the limitations and provisions of Miss. Code Ann. § 11-1-60.

**Sixty-sixth Defense**

66.    Plaintiff failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to Defendants in any possible future litigation.

**Sixty-seventh Defense**

67.    Any judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

### Sixty-eighth Defense

68.     To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any award of punitive damages is barred.

### Sixty-ninth Defense

69.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring such claims.

### Seventieth Defense

70.     Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff takes nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.     That Defendants have such other and further relief as the Court deems appropriate.



1    August 13, 2008                              GORDON & REES LLP

2

3                                                 By: _____/s/_____

4                                                      Stuart M. Gordon
                                                      sgordon@gordonrees.com
5                                                     Embarcadero Center West
                                                      275 Battery Street, 20th Floor
6                                                     San Francisco, CA 94111
                                                      Telephone:  (415) 986-5900
7                                                     Fax:  (415) 986-8054

8    August 13, 2008                              TUCKER ELLIS & WEST LLP
                                                  .
9

10                                                By: _____/s/_____

11                                                    Michael C. Zellers
                                                      michael.zellers@tuckerellis.com
12                                                    515 South Flower Street, Suite 4200
                                                      Los Angeles, CA  90071-2223
13                                                    Telephone:  (213) 430-3400
                                                      Fax:  (213) 430-3409
14
                                                      Attorneys for Defendants
15                                                    PFIZER INC., PHARMACIA
                                                      CORPORATION, AND G.D. SEARLE
16                                                    LLC

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2     Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3 trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4 Procedure.

5 August 13, 2008                              GORDON & REES LLP

6

7                                              By: :_____/s/_____
8                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
9                                                  Embarcadero Center West
                                                   275 Battery Street, 20th Floor
10                                                 San Francisco, CA  94111
                                                   Telephone:  (415) 986-5900
11                                                 Fax:  (415) 986-8054

12 August 13, 2008                              TUCKER ELLIS & WEST LLP

13

14                                             By:_____/s/_____
15                                                 Michael C. Zellers
                                                   michael.zellers@tuckerellis.com
16                                                 515 South Flower Street, Suite 4200
                                                   Los Angeles, CA 90071-2223
17                                                 Telephone:  (213) 430-3400
                                                   Fax:  (213) 430-3409

18                                                 Attorneys for Defendants
19                                                 PFIZER INC., PHARMACIA
                                                   CORPORATION, AND G.D. SEARLE
20                                                 LLC

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111